**[Docket Nos. 5 and 6]**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ANTONIO PRATTS, JR., <br><br>         Plaintiff, <br><br>    v. <br><br> HAMMONTON POLICE DEPARTMENT, et. al., <br><br>         Defendants. | Civil No. 21-6470 (RMB/KMW) <br><br> **OPINION AND ORDER** |

**BUMB**, United States District Judge:

THIS MATTER comes before the Court upon the filing of a Complaint and application to proceed in forma pauperis ("IFP") by Plaintiff Antonio Pratts, Jr. ("Plaintiff" or "Pratts"). [Docket Nos. 5 and 6.][1] For the reasons stated herein, the Court will grant Plaintiff's application to proceed IFP and dismiss Plaintiff's claims against the Hammonton Police Department, Detective Russel, and the unnamed Responding Officers.

I. **BACKGROUND**

Plaintiff's claims arise from two separate incidents. First, Plaintiff alleges that on October 13, 2019, two unnamed men

---

[1] Plaintiff filed four Complaints [Docket Nos. 1, 2, 4, 5] and two IFP applications [Docket Nos. 3, 6]. There are no substantial differences between the different versions of these documents. As such, the Court will rely on Plaintiff's most recently filed Complaint [Docket No. 5] and IFP application [Docket No. 6].

kidnapped him after a home invasion, held him at knifepoint, and forced him to withdraw cash from an ATM at a 7-Eleven store. [Docket No. 5 at 5.] Then, Plaintiff alleges, an unnamed police officer intervened and pursued the kidnappers on foot. [Id.] Although the unnamed officer apprehended the kidnappers, Plaintiff claims that the officer released them because he recognized one kidnapper as the nephew of a candidate running for an unspecified political office. [Id.] Plaintiff claims he was evaluated and treated by EMS while the unnamed officer filed a report. [Id.] According to Plaintiff, the officer then advised Plaintiff to file a formal complaint at the Police Station. [Id. at 6.]

Plaintiff alleges that for the next three days, he went to the Police Station to file a formal complaint. [Id.] But Plaintiff suggests that the dispatcher at the Police Station lied to him about Detective Russel's[2] whereabouts, such that Plaintiff was unable to file a formal complaint. [Id.] The Complaint does not clearly explain why Plaintiff was unable to file a complaint at the Police Station in the absence of Detective Russel. Nonetheless, Plaintiff alleges that "[t]he responding officers purposefully failed to take [the kidnappers] into custody." [Id. at 8.]

Second, Plaintiff alleges that on March 23, 2020, he was wrongfully arrested for distribution of a controlled dangerous

---

[2]   In his Complaint, Plaintiff does not explain who Detective Russel is or Detective Russel's significance to Plaintiff's case.

2

substance. [Id. at 6.] Again, the Complaint does not clearly identify which officer arrested Plaintiff. But Plaintiff claims that his alleged kidnapper, whose uncle was running for political office, from the October 13, 2019 incident was the actual culprit of the crime for which Plaintiff was arrested. [Id.] That, Plaintiff alleges, was the motivation for his arrest. [Id.] Plaintiff further alleges that the arresting officers profiled him based on his criminal record, and as a result, he experienced "pain and suffering, mental anguish, [and] wrongful incarceration." [Id.]

## II.  LEGAL STANDARDS

### A.  IFP Application

When a non-prisoner seeks permission to proceed IFP under 28 U.S.C. § 1915, the applicant must submit an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. See 28 U.S.C. § 1915(a); Roy v. Penn. Nat'l Ins. Co., No. 14-4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted). The decision to grant or deny an IFP application is based solely upon the economic eligibility of the applicant. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).

### B.  Sua Sponte Dismissal

A complaint filed by a litigant proceeding IFP is subject to sua sponte dismissal by the Court if the case is frivolous,

malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the pro se party. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (internal citation omitted). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F.App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

To survive a court's sua sponte screening, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

4

Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

### III. ANALYSIS

#### A. IFP Application

Plaintiff qualifies for permission to proceed IFP. In his affidavit, Plaintiff indicates that he has no income, is unemployed, and has no assets other than his prison account. [Docket No. 6.] Upon review, the Court finds that Plaintiff established that he lacks the financial ability to pay the filing fee. Accordingly, the Court will grant Plaintiff's IFP Application.

#### B. Section 1983 Claims

Plaintiff's claims arise under 42 U.S.C. § 1983. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

To establish a § 1983 claim, "a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).

5

The Court begins its analysis of a plaintiff's § 1983 claims by identifying "the exact contours of the underlying right said to have been violated," and determining "whether the plaintiff has alleged a deprivation of a constitutional right at all." Id. (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 (1998)).

### 1. Pratts's Claims Against the Hammonton Police Department

The Court will dismiss Plaintiff's claims against the Hammonton Police Department. Plaintiff alleges that the Hammonton Police Department violated § 1983 by wrongfully arresting him, profiling him based on his criminal record, and failing to investigate his kidnapping. [Docket No. 5 at 6.] But a plaintiff cannot assert a § 1983 claim against a police department because, although municipalities and townships may be liable under § 1983, a police department is "merely an arm of the Township" in which it is located. Padilla v. Township of Cherry Hill, 110 F.App'x 272, 278 (3d Cir. 2004), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009).

Ordinarily, this Court will interpret a pro se complaint to state a § 1983 claim against a municipality, even where a plaintiff failed to name that municipality as a defendant but has otherwise sufficiently alleged a § 1983 claim against an arm of that municipality. See Mikhaeil v. Santos, 646 F.App'x 158, 160 (3d Cir. 2016) (giving a pro se litigant the benefit of "construing

6

[the] complaint liberally to allege a claim against [the municipality]" where the plaintiff named the police department as a defendant). The Court will not do so here, however, because Plaintiff has not otherwise stated a valid § 1983 claim against the Town of Hammonton.

Here, Plaintiff's allegations are conclusory and lack any factual basis. To support his claim that officers profiled him during his arrest, Plaintiff baldly alleges that "[he] was profiled because of [his] criminal record." [Docket No. 6 at 6.] Such conclusory allegations will not suffice. See Iqbal, 556 U.S. at 678; Fowler, 578 F.3d at 210 (stating that a complaint must allege "sufficient factual matter to show that the claim is facially plausible"). Plaintiff also vaguely suggests-- again without any factual basis-- that his arrest was motivated by political corruption. [Docket No. 6 at 5-6.] This too is insufficient. Finally, to the extent that Plaintiff alleges that the Hammonton Police Department failed to investigate his claims, Plaintiff does not provide sufficient facts. [See id.] Accordingly, the Court will dismiss Plaintiff's claims against the Hammonton Police Department for failure to state a claim upon which relief may be granted.

### 2. Pratts's Claims Against Detective Russel and Unnamed Responding Officers

The Court will dismiss Plaintiff's claims against Detective Russel and the unnamed Responding Officers for failure to state a claim. Indeed, Plaintiff again baldly asserts that Detective Russel profiled Plaintiff based on his criminal record and arrested Plaintiff because of a political corruption conspiracy. Furthermore, Plaintiff has failed to allege any facts against the unnamed Responding Officers that would form the basis for § 1983 liability.

### C. Plaintiff's Pending State Court Matter

Finally, Pratts is a defendant in a pending state court criminal matter, which arises from the same set of facts as his Complaint here. Federal district courts have "discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005) (citing Younger v. Harris, 401 U.S. 37 (1971)). Younger abstention "applies rarely, in only three exceptional classes of cases: (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Gonzalez v.

Waterfront Comm'n of N.Y. Harbor, 755 F.3d 176, 180 (3d Cir. 2014) (citing Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013)) (cleaned up). Because Plaintiff has a pending state criminal prosecution, this Court will abstain from exercising jurisdiction over Plaintiff's claims to avoid interfering with an ongoing state proceeding.

**IV.   CONCLUSION**

For the reasons stated above, **IT IS** on this **15th** day of **July 2021,** hereby

**ORDERED** that Plaintiff's IFP Application [Docket No. 6] is **GRANTED**; and it is further

**ORDERED** that the claims against the Hammonton Police Department are **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the claims against Detective Russel and the Responding Officers are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); Plaintiff may refile his Complaint after resolution of his state court criminal proceeding if Plaintiff believes he can, in good faith, cure the pleading deficiencies identified above; and it is further

**ORDERED** that the Clerk of the court shall **ADMINISTRATIVELY TERMINATE** this matter, subject to reopening upon this Court's screening of a timely filed amended complaint; and it is further

9

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular mail.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
